# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Samuel Zean and Eunice Zean,<br><br>Plaintiffs,<br><br>v.<br><br>Wells Fargo Bank, N.A.,<br><br>Defendant. | Case No. 17-cv-3817 (NEB/HB)<br><br>**ORDER** |

HILDY BOWBEER, United States Magistrate Judge

This matter is before the Court on Plaintiffs Samuel Zean and Eunice Zean's Motions for Leave to Amend and File Proposed Third Amended Complaint [Doc. Nos. 118, 131]. For the reasons set forth below, the motions are denied.

## I.   Background

Plaintiffs Samuel and Eunice Zean commenced this action by serving a state court complaint on Defendants Wells Fargo Bank, N.A.; Experian Information Solutions, Inc.; Equifax Information Services, LLC; and Trans Union LLC.[1] (*See* Notice of Removal [Doc. No. 1]; Compl. [Doc. No. 1-1].) Wells Fargo removed the action to federal court on August 18, 2017. Plaintiffs filed a First Amended Complaint as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1) on September 15, 2017. (Am. Compl. [Doc. No. 18].) Wells Fargo filed a motion to dismiss Counts 2, 3, 4, 5, 7, 8, 15,

---

[1] When the suit was commenced, Plaintiffs were represented by counsel. Plaintiffs began representing themselves pro se on June 7, 2018.

and 16 of the First Amended Complaint [Doc. No. 26], but before the motion was decided, Plaintiffs filed a motion to amend the First Amended Complaint [Doc. No. 43]. This Court granted in part and denied in part Plaintiffs' motion to amend in an Order dated April 12, 2018 [Doc. No. 65]. Plaintiffs subsequently filed a Second Amended Complaint [Doc. No. 65], which is now the operative pleading, and Wells Fargo moved to dismiss Counts 1, 2, 3, 5, 6, and 13 of the Second Amended Complaint [Doc. No. 72].[2]

About two weeks after Wells Fargo filed its second motion to dismiss, Plaintiffs' counsel David Madgett filed a motion to withdraw as counsel [Doc. No. 79]. Plaintiffs did not oppose the motion, and the Court granted the motion on June 7, 2018 [*see* Doc. No. 97]. The Court stayed all remaining deadlines and litigation activity for thirty days to allow Plaintiffs to secure new counsel if they so desired.

Opting to proceed pro se, on September 17, 2018, Plaintiffs filed a motion for leave to amend the Second Amended Complaint [Doc. No. 118], a memorandum in opposition to the pending motion to dismiss [Doc. No. 122], and other related filings, some of which were marked "Filed in Error." On September 25, 2018, Plaintiffs filed numerous additional documents in support of their motion to amend and in opposition to Wells Fargo's motion to dismiss, several of which were marked "Filed in Error" or were duplicative of previous filings [Doc. Nos. 129-34]. One of these filings was a duplicative motion for leave to amend the Second Amended Complaint [Doc. No. 131]. Unlike the original motion [Doc. No. 118], the second motion properly attached a proposed third

---

[2] Wells Fargo's second motion to dismiss remains pending, has been referred to this Court, and will be addressed in a separate report and recommendation.

2

amended complaint and a redlined version of the proposed third amended complaint, which is why the Court did not strike one of the motions to amend and will consider those two motions together.

Because the docket had become quite unwieldy due to the duplicative filings and those marked as "Filed in Error," this Court entered an Order on September 27, 2018, advising the parties that the Court would consider the following documents filed by Plaintiffs in deciding whether to grant Plaintiffs leave to file a third amended complaint: Doc. Nos. 118, 119, 120, 121, 130, and 131. (Order at 3, Sept. 27, 2019 [Doc. No. 136].) Plaintiffs continued to file documents relating to their motions to amend, however, most of which were duplicative of documents previously filed and marked as "Filed in Error" [*see* Doc. Nos. 138-43]. Plaintiffs also filed an "Amended Proposed Third Amended Complaint" [Doc. No. 148], which the Court struck because there were already two pending motions for leave to file a third amended complaint, and no rule or court procedure permits the serial filings of new proposed amended complaints (*see* Text-Only Order, Oct. 9, 2018 [Doc. No. 151]).

In the motions to amend now before the Court, Plaintiffs seek to amend their Second Amended Complaint to cure certain deficiencies identified in Wells Fargo's second partial motion to dismiss; to add new FCRA claims based on Wells Fargo's alleged conduct on July 9, 2018; to add a new RESPA claim based on Wells Fargo's alleged conduct on August 17, 2018; to add a new breach of mortgage contract claim based on Wells Fargo's alleged conduct on September 8, 2018; and to add allegations to satisfy the particularity requirement of Federal Rule of Civil Procedure 9(b). (Pls.' Mots.

Amend at 2 [Doc. Nos. 118, 131].) Wells Fargo opposes the motion to amend on three grounds: (1) the motion is untimely under the pretrial scheduling order, and Plaintiffs have not shown good cause to modify the deadline for motions to amend; (2) Plaintiffs have already amended their complaint twice and should not be allowed to amend a third time; and (3) allowing the third amended complaint would prejudice Wells Fargo and unduly delay the case.

## II. Discussion

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "a party may amend its pleading only with the opposing party's written consent or the court's leave," and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "[T]here is no absolute right to amend," however, and a court may deny leave to amend "based upon a finding of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies in previous amendments, undue prejudice to the non-moving party, or futility." *Baptist Health v. Smith*, 477 F.3d 540, 544 (8th Cir. 2007) (citation omitted).

There is authority from this District suggesting that a court should resolve a motion to amend before resolving a motion to dismiss when both motions are pending before the court at the same time. *See Garrison v. Minn. Dep't of Revenue*, No. 16-cv-2866 (WMW/HB), 2017 WL 3382778, at *5 (D. Minn. Aug. 7, 2017). Though this is not a firm rule, and may not always be warranted by the circumstances of a particular case, *see, e.g., Meyer v. Haeg*, No. 15-cv-2564, R. & R. (D. Minn. June 25, 2016), ECF No. 292; *Meyer v. Haeg*, No. 15-cv-2564, slip op. (D. Minn. July 8, 2016), ECF No. 295), the Court finds it well-suited to the circumstances of this case. Therefore, the Court will rule

4

on Plaintiffs' motions to amend in this Order before recommending a disposition of Wells Fargo's motion to dismiss in a separate report and recommendation.

In addition, "[i]f a party files for leave to amend outside of the court's scheduling order, the party must show [good] cause to modify the schedule." *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008) (citing Fed. R. Civ. P. 16(b)). "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006).

### A. Plaintiffs' Motion Is Untimely, and Plaintiffs Have Not Shown Good Cause to Extend the Deadline for Motions to Amend

The current pretrial scheduling order established a deadline of December 19, 2017, for motions to amend pleadings. (Pretrial Sched. Order at 2 [Doc. No. 40].) Plaintiffs' motion to amend was filed on September 17, 2018, more than eight months after the expiration of that deadline.

Plaintiffs have not acknowledged the expiration of the deadline for motions to amend pleadings, asked to extend it, or argued there is good cause for an extension. Despite these deficiencies, the Court has considered whether Plaintiffs diligently attempted to comply with the deadline for motions to amend. That deadline expired on December 19, 2017, and Plaintiffs (through counsel) actually filed a previous motion to amend on that date. Were the Court asked to consider whether *that* motion was filed diligently, the Court would conclude it was. But Plaintiffs' current motion was not filed until September 17, 2018, more than nine months after the deadline expired.

Though Plaintiffs did not specify grounds for good cause, the Court has

considered the circumstances of this case, which are documented thoroughly in the record. To the extent Plaintiffs would argue that the withdrawal of their attorney constitutes good cause to allow their untimely motion to amend, the Court disagrees. On June 7, 2018, the Court stayed all remaining deadlines and litigation activity in the case for one month so that Plaintiffs could secure new counsel if they desired. The Court did not, however, revive any expired deadlines, nor did the Court indicate or intend that Plaintiffs could file a motion to amend their complaint a third time.

To the extent Plaintiffs would argue that Wells Fargo's third motion to dismiss provides good cause to extend the deadline for amended pleadings, the Court finds otherwise. Wells Fargo filed its first motion to dismiss on October 10, 2017 [Doc. No. 26]. The motion was fully briefed, which gave Plaintiffs full notice of the pleading deficiencies claimed by Wells Fargo, and Plaintiffs filed their December 2017 motion to amend for the purpose of curing those deficiencies. (*See* Pls.' Mem. Supp. Mot. Amend at 1 [Doc. No. 44].) Thus, Plaintiffs have already had the benefit of knowing Wells Fargo's arguments for dismissal in crafting their Second Amended Complaint. The Court will not endorse a potentially perpetual cycle of motions to dismiss and motions to amend.

Finally, to the extent Plaintiffs would argue that they acted diligently after learning of Wells Fargo's recent actions, any such argument would be founded on the false premise that Plaintiffs would need to amend their complaint each time Wells Fargo allegedly made an inaccurate report to a credit reporting agency or breached the mortgage contract. Plaintiffs allege that these instances of wrongdoing are ongoing, and notice

6

pleading does not require a plaintiff to amend the complaint each time a defendant allegedly commits an additional similar action.

As to the proposed new RESPA claim, Plaintiffs were not diligent in seeking to amend that claim both because of lack of promptness and because of carelessness. Diligence is not just promptness; diligence also entails attentiveness, carefulness, and heedfulness. Black's Law Dictionary (10th ed. 2014). Plaintiffs were not attentive in seeking to add the RESPA claim because the proposed amended complaint does not include a RESPA violation for Wells Fargo's August 17, 2018 conduct, which is the conduct Plaintiffs described in their motion as founding the new RESPA claim. (*See* Proposed Third Am. Compl. ¶¶ 312-17; Pls.' Mots. Amend at 2 [Doc. Nos. 118, 131].) Rather, the conduct alleged in the proposed new RESPA claim occurred in July 2016. Plaintiffs not only knew about that conduct long ago, they even included allegations about it in the RESPA claim they pleaded in their proposed second amended complaint (Proposed Second Am. Compl. ¶ 277 [Doc. No. 45-1]). Consequently, the Court finds that Plaintiffs were not diligent in seeking to add the new RESPA claim based on both lack of promptness and lack of attentiveness.

For the above reasons, the Court concludes that Plaintiffs' motion to amend is untimely and that the deadline for motions to amend should not be extended. Plaintiffs' motion is denied for these reasons.

**B.     Plaintiffs Repeatedly Failed to Cure Pleading Deficiencies**

Alternatively, and assuming *arguendo* that Plaintiffs had diligently sought to extend the deadline to amend pleadings, the Court denies Plaintiffs' motion to amend

because Plaintiffs repeatedly failed to cure deficiencies through previous amendments. Plaintiffs have already amended their complaint twice: once as a matter of right and once with the Court's leave. Moreover, Plaintiffs filed the Second Amended Complaint after the benefit of reviewing Wells Fargo's motion to dismiss the First Amended Complaint. Except for the allegations related to Wells Fargo's alleged recent conduct, Plaintiffs could have included the allegations they now propose in their Second Amended Complaint. And as already noted, with respect to Wells Fargo's alleged recent conduct, Plaintiffs need not amend their complaint each time Wells Fargo allegedly violates the RESPA or FCRA, or breaches the mortgage contract.

      **C.    Plaintiffs Have Unduly Delayed This Case and Wells Fargo Will Suffer Prejudice if the Amendments Are Allowed**

Finally, the Court denies Plaintiffs' motion to amend, in the alternative, because the case has been delayed unduly and Wells Fargo will be prejudiced were the Court to grant leave to amend. Wells Fargo has now filed two motions to dismiss, both of which proceeded to full briefing. One motion to dismiss was rendered moot by the filing of the Second Amended Complaint, and the second motion to dismiss is pending. If the Court were to allow Plaintiffs to file a Third Amended Complaint, Wells Fargo submits it would need to file a third motion to dismiss. The time and resources that would be required to oppose a now 49-page complaint, plus hundreds of pages of exhibits, are significant and should not be disregarded. Though this is not the type of prejudice on which leave to amend could be denied alone, it is a factor the Court may consider.

Relatedly, a court may deny a motion to amend where "the plaintiff's delay in

8

seeking to amend is undue, motivated by bad faith, or prejudicial to the opposing party." *Bjorgung v. Whitetail Resort, LP*, 550 F.3d 263, 266 (3d Cir. 2008); *see United States v. Vorachek*, 563 F.2d 884, 887 (8th Cir. 1977). "Delay becomes 'undue,' and thereby creates grounds . . . to refuse leave, when it places an unwarranted burden on the court or when the plaintiff has had previous opportunities to amend." *Bjorgung*, 550 F.3d at 266. Here, Plaintiffs' delay is undue for both reasons. This case was filed more than a year ago. Since then, Plaintiffs have filed two motions to amend their complaint and have amended their complaint twice, and Wells Fargo has filed two motions to dismiss. Plaintiffs' motion to amend their complaint—if granted—would lead to the fourth complaint to be filed in this case. Plaintiffs' delay in crafting a pleading on which this case can move forward places an unnecessary burden on the Court and on Wells Fargo.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiffs Samuel Zean and Eunice Zean's Motions for Leave to Amend and File Proposed Third Amended Complaint [Doc. Nos. 118, 131] are **DENIED**.

Dated: December 4, 2018        s/ *Hildy Bowbeer*
                                                    HILDY BOWBEER
                                                    United States Magistrate Judge